[No. 4557.   Decided April 27, 1903.]

THE STATE OF WASHINGTON *on the Relation of O. Dean et al., Respondents,* v. GEORGE B. LAMPING, *as Auditor of King County, Appellant.*

COSTS — LIABILITY OF COUNTY — INVALID ATTEMPT OF SUPERVISOR TO COLLECT POLL TAX.

An action by a road supervisor, under Bal. Code, § 3822, to enforce the payment of a road poll tax is a proceeding in behalf of the county, and hence where a judgment obtained by the road supervisor before a justice of the peace is vacated and set aside in the superior court, a judgment against the county for costs is warranted, inasmuch as the failure to obtain a valid judgment cannot be imputed to the justice and supervisor as a tort, so as to exonerate the county from liability.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge.   Affirmed.

*Walter S. Fulton* and *Frank S. Griffith*, for appellant.

*J. W. Heffner*, for respondents.

The opinion of the court was delivered by

FULLERTON, C. J.—This is a proceeding in mandamus, brought to compel the appellant, who was county auditor of King county, to draw a warrant on the county treas-. urer in satisfaction of a judgment.  The facts are these: On July, 1902, one James Balkwell, who was then road supervisor of road district No. 84 of King county, insti- tuted proceedings under § 3822 of the Code (Ballinger's) before Warren S. Slocum, justice of the peace in and for Martin Creek precinct in King county, to recover from the relator, O. Dean, a sum claimed to be due from him to King county as road poll tax.  In the same proceeding the relator the Skykomish Lumber Company was sum- moned to answer as garnishee, and thereafter such pro- ceedings were had as to result in a judgment against both relators in the sum of ten dollars in favor of road district No. 84.  Later the relators sued out a writ of review in the superior court of King county, directed to the justice of the peace and the road supervisor, commanding them to certify a transcript of the proceedings to that court, that the proceedings might be reviewed therein.  On a hearing had on a return to the writ, the superior court set the justice's judgment aside, and entered a judgment against road district No. 84 for the costs of the proceedings, amounting to the sum of $18.15.  The relators thereupon satisfied the judgment of record, and presented a certified transcript thereof to the appellant, and demanded a war- rant upon the county treasurer for the amount thereof. The county auditor refused to issue the warrant, where- upon the relators instituted this proceeding to compel him to do so.  The superior court granted the writ, and this appeal is from its order.

The only question urged on the appeal is the liability

of the county for the costs incurred in vacating the judgment of the justice's court. The appellant argues that justices of the peace and road supervisors are public officers having duties conferred upon them by law, over which the county government has no control, and that the county is not, therefore, liable for their wrongful or negligent acts; arguing further that the failure of the justice of the peace and road supervisor to obtain a valid judgment was a wrongful act on their part, for which the county is not liable. We cannot assent to this contention. It is the rule that a quasi-municipal corporation, like a county, is not liable in damages for the misfeasance, laches, unauthorized exercise of power, or other tort of its public officers, not authorized nor ratified by it; but that is not the question here. The action contemplated by § 3822, *supra,* is one in which the county is the real party in interest, and should be the party plaintiff. The proceeding is instituted on its behalf, and any judgment recovered in such proceeding inures to its benefit. It is true, the proceeding may be instituted by a road supervisor, independent of the officers of the county on whom that power and duty is usually devolved, but it is none the less for that reason a proceeding by the county. The legislature may put into the hands of such county officers as it pleases the power and duty of commencing proceedings on behalf of the county, and, when it puts this power in the hands of a road supervisor, his exercise of the power is just as much the act of the county as is the same power when exercised by any other county officer; hence his acts in that behalf even though unsuccessful, are not torts, in the sense that liability for the costs therefor does not fall upon the county.

The judgment is affirmed.

MOUNT, DUNBAR, and ANDERS, JJ., concur.